UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R. CLAYTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation, and DOE 1 through DOE 50, inclusive<br><br>　　　　Defendants.<br><br>─────────────────────────<br><br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation,<br><br>　　　　Counter-Claimant,<br><br>　v.<br><br>KEITH R. CLAYTON, and DOES 1 through 10, inclusive,<br><br>　　　　Counter-Defendants. | No.  2:13-cv-00907-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF AND COUNTER DEFENDANT'S MOTION TO DISMISS AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

This matter is before the Court on Plaintiff and Counter-Defendant Keith R. Clayton's ("Plaintiff") Motion to Dismiss

1

(Doc. #37) Defendant and Counter-Claimant Automated Gaming Technologies, Inc.'s ("AGT") Counterclaim (Doc. #34) and Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. #41).[1] AGT filed oppositions to both motions (Doc. ##46-47). Plaintiff replied to both motions (Doc. ##49, 52) and they are considered together here.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Counterclaim states four causes of action against Plaintiff: (1) breach of contract, (2) breach of duty of loyalty, (3) negligence, and (4) negligent interference with economic relations. Answer & Counterclaim ("CC") at pp. 13-16.

AGT is a Nevada corporation that develops and sells software and hardware for the cash processing industries. CC ¶ 70. In September 2009, AGT hired Plaintiff as the Executive Vice President of its Systems Department. CC ¶ 71; MTD at p. 1. AGT and Plaintiff executed a written employment agreement ("the Employment Agreement"). CC, Exh. A. Plaintiff was responsible for creating and developing software for AGT's cash processing machines, as well as supporting all activities relating to the development, distribution and support of products sold or supported by AGT. CC ¶¶ 71, 73-74 & Exh. A.

During his employment, Plaintiff developed software to provide a web-based application for AGT's machines. CC ¶ 75. According to the counterclaim, the software did not function

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 23, 2013.

2

1  properly.  Id. ¶ 80.  AGT alleges that Plaintiff failed to make
2  sufficient effort to travel to AGT's offices in Nevada to test
3  the software and was employed with Intel at the same time he was
4  employed with AGT, both in violation of the Employment Agreement.
5  Id. ¶¶ 79, 83.  As a result, Plaintiff was unable to fix the
6  software issues, and ultimately it became unworkable, requiring
7  AGT to rebuild the software at its own expense.  Id. ¶¶ 80-81.
8       Plaintiff filed the First Amended Complaint (Doc. #1-A) on
9  March 29, 2013, alleging five causes of action arising from the
10 Employment Agreement and a separate Software Sale Contract.  AGT
11 removed the case to this Court and brought a Motion to Dismiss
12 for Lack of Personal Jurisdiction and/or Improper Venue or in the
13 alternative to Transfer Venue (Doc. #7) to the District of
14 Nevada.  Plaintiff filed an unopposed counter-motion for leave to
15 file the Second Amended Complaint (Doc. #18).  AGT's motion was
16 dismissed in its entirety (Doc. #29), and Plaintiff was given
17 leave to file the Second Amended Complaint (Doc. #30).  The
18 Second Amended Complaint was deemed filed by this Court as of
19 July 10, 2013 (Doc. #30); it added, in relevant part, allegations
20 of a subsequent version of the Employment agreement.  A Status
21 (Pre-trial Scheduling) Order (Doc. #33) was issued on July 25,
22 2013, stating that "[n]o further joinder of parties or amendments
23 to pleadings is permitted except with leave of court, good cause
24 having been shown."  On September 21, 2013, Plaintiff filed his
25 motion for leave to file Third Amended Complaint.
26 ///
27 ///
28 ///

II.  OPINION

A.  Request for Judicial Notice

AGT requests the Court to judicially notice its application and receipt of a Nevada Business License for each of the years from 2009 through 2012.  Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim.  The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664, at *2 (C.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

Although the Court may take notice of AGT's certified business licenses, it does not find any of the documents particularly relevant to resolution of the issues now before the Court.  Accordingly, the Court denies AGT's request for judicial notice.

B.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

4

overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Id.  Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

C.   Discussion

Plaintiff contends AGT's counterclaims should all be governed under Nevada law.  According to the Employment

1  Agreement and the Counterclaim, the Employment Agreement is to
2  be governed by and interpreted under Nevada state law.  CC ¶ 90
3  & Exh. A.  In its Opposition to the Motion to Dismiss, AGT
4  agrees that its claim for breach of the Employment Agreement is
5  governed by Nevada law, but argues that the choice of law issue
6  should be deferred and that the Court should preserve all
7  counterclaims that are viable under either California or Nevada
8  law.  Opp. MTD at pp. 4-6.  AGT further argues its tort claims
9  should be analyzed under California's governmental interest
10 test. As discussed below, the Court finds AGT's argument
11 unpersuasive.

        1.    <u>Breach of Contract</u>

13    AGT's first counterclaim is for breach of the Employment
14 Agreement.  The Employment Agreement involved Plaintiff's
15 agreement "to work exclusively and in good faith for AGT, using
16 [Plaintiff's] best efforts."  AGT alleges Plaintiff breached the
17 agreement by being employed with Intel while he was employed
18 with AGT.  CC ¶ 87.  As a result of this other employment, AGT
19 contends Plaintiff failed to use his best efforts in developing
20 and creating functioning software for AGT, resulting in damages
21 to AGT.  Id. ¶ 88.  The Counterclaim and the Employment
22 Agreement explicitly state that the agreement is to be governed
23 by and interpreted under Nevada law.
24     The Supreme Court of California has stated that California
25 courts shall apply the principles set forth in section 187 of
26 the Restatement Second of Conflict of Laws, reflecting the
27 "strong policy favoring enforcement of [contractual choice-of-
28 law] provisions."  <u>Nedlloyd Lines B.V. v. Superior Court</u>, 3

Cal.4th 459, 464-65 (1992).  The first test is to determine "(1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law."  Id. at 466.  If either is met, the provision should be enforced as long as the chosen state's law is not "contrary to a *fundamental policy of California*."  Id.

The Employment Agreement governed Plaintiff's employment with a Nevada corporation and the alleged damages were suffered in Nevada, clearly providing a substantial relationship to the transaction.  Nothing in Nevada's law governing the relevant employment relationship is contrary to a fundamental policy of California and no argument has been made by AGT to that effect.  Therefore, the Court will apply Nevada law to the breach of contract claim.

Nevada Revised Statutes § 78.138 codifies the business judgment rule and provides in relevant part:

> [A] director or officer is not individually liable to the corporation . . . for any damages as a result of any act or failure to act in his or her capacity as a director or officer unless it is proven that:
> (a)  The director's or officer's act or failure to act constituted a breach of his or her fiduciary duties as a director or officer; and
> (b)  The breach of those duties involved intentional misconduct, fraud or a knowing violation of law.

N.R.S. § 78.138(7); see also Rapaport v. Soffer, 2:10-CV-935-MMD-RJJ, 2012 WL 2522069, at *5 (D. Nev. 2012).

7

1        Plaintiff argues that AGT has failed to state facts
2   sufficient to state a claim for breach of contract in light of
3   the requirements set forth in § 78.138.  In response, AGT argues
4   that Plaintiff was not an "officer" for purposes of the statute
5   and even if he could be so labeled, the conduct underlying the
6   claim was performed for Plaintiff's personal benefit and not "in
7   his [] capacity as a director or officer."  N.R.S. § 78.138(7).
8         The Employment Agreement specifies that Plaintiff was
9   employed as the Executive Vice President of AGT's Systems
10  Department.  It further provides that Plaintiff would be charged
11  with "supporting all activities related to the development,
12  distribution and support of products sold or supported by AGT."
13  Given the title and scope of responsibilities, the Court finds
14  the Employment Agreement adequately supports Plaintiff's
15  argument that he was an "officer" as understood by § 78.138.
16  AGT's reliance on its own corporate filings fails to support an
17  interpretation of Plaintiff's title that refutes its common
18  understanding.
19       Next, AGT argues that Plaintiff breached the Employment
20  Agreement by working for Intel.  It claims this conduct was for
21  Plaintiff's own benefit and therefore was not carried out in the
22  scope of his employment with AGT.  However, the basis for
23  damages in AGT's first cause of action is Plaintiff's failure to
24  adequately develop and test functioning software.  The claim is
25  based on Plaintiff's failure to adequately monitor or develop
26  the software.  This "failure to act" in his capacity of
27  Executive Vice President of Systems is clearly controlled by the
28  provisions of § 78.138.  Plaintiff may have been acting in his

own best interest when working with Intel, but his alleged employment with Intel is not the basis, in and of itself, of any damages alleged by AGT. Rather the employment allegedly caused Plaintiff's failure to adequately fix the software, which in turn caused damage to AGT.

Therefore, the breach of contract claim is one against an "officer" of AGT for damages caused by an "act or failure to act in his [] capacity as a director or officer." N.R.S. § 78.138(7). Such a claim requires that the employee's breach "involve[] intentional misconduct, fraud or a knowing violation of law." Id. AGT's counterclaim fails to allege such conduct, and, therefore, fails to state facts sufficient to state a claim for breach of contract. Accordingly, Plaintiff's Motion to Dismiss the first cause of action in the counterclaim is granted. As it is not clear to the Court that the claim could not be saved by alleging facts sufficient to meet the requirements of § 78.138, the motion is granted without prejudice. Eminence Capital, L.L.C., 316 F.3d at 1052.

### 2. Breach of Duty of Loyalty

AGT's second cause of action alleges Plaintiff violated a duty of loyalty owed to it by virtue of Plaintiff's employment and the Employment Agreement. CC ¶¶ 92, 95. AGT claims Plaintiff's unauthorized employment with Intel was contrary to the best interests of AGT and that it suffered damages as a result. It further seeks punitive damages for the breach.

An implied duty of loyalty is recognized under both Nevada and California law. See White Cap Indus., Inc. v. Ruppert, 119 Nev. 126, 129 (2003); James v. Childtime Childcare, Inc., CIV. S-

9

06-2676 DFL DA, 2007 WL 1589543, at *3 (E.D. Cal. 2007) ("California law recognizes a duty of loyalty that is breached when an employee takes action against an employer's best interests"). The elements of a cause of action for a breach of the duty of loyalty are: "(1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." Huong Que, Inc. v. Luu, 150 Cal.App.4th 400, 410 (Cal. Ct. App. 2007).

Both parties rely on a District Court of Nevada opinion, Tousa Homes, Inc. v. Phillips, 363 F. Supp. 2d 1274, 1280 (D. Nev. 2005) for their relative positions. The Tousa Homes court found "an employee generally owes his employer a duty of loyalty respecting prospective business opportunity." Id. As Plaintiff points out, the final clause, "respecting prospective business opportunity," drastically limits the scope of the duty of loyalty. This Court has similarly found that the duty of loyalty requires an agent "'to act loyally for the principal's benefit **in all matters connected with the agency relationship**' (citations omitted)." Ikon Office Solutions, Inc. v. Rezente, CIV. 2:10-1704 WBS, 2011 WL 1402882, at *2 (E.D. Cal. 2011) (emphasis added).

Plaintiff argues that AGT has failed to state a viable cause of action for breach of the duty of loyalty because it has not alleged that Plaintiff ever diverted business opportunities, competed against AGT or helped a competitor, or that any confidential information was ever divulged as a result of Plaintiff's alleged employment with Intel.

10

The Tousa Homes court relied on the Nevada Supreme Court opinion in White Cap, which in turn relied on the Restatement (Second) of Agency. 363 F. Supp. 2d at 1280. The Restatement provides that "an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency." Restatement (Second) of Agency § 387. Comment (a) to § 393 states that "an agent can properly act freely on his own account in matters not within the field of his agency and in matters in which his interests are not antagonistic to those of the principal, except that he can not properly thus use confidential information." The Restatement (Third) of Agency § 8.04 further provides that "an agent has a duty to refrain from competing with the principal and from taking action on behalf of or otherwise assisting the principal's competitors."

In addition, the most recent version of the Restatement (Third) of Employment Law similarly holds the duty of loyalty is limited to matters related to the employment relationship and that a breach occurs when an employee discloses confidential information or competes against the employer. Restatement (Third) of Employment Law: Employee Duty of Loyalty § 8.01 (Tentative Draft No. 3, 2010). Comment (a) to § 8.01 hones in on the circumstances confronting the Court here:

> The duty of loyalty . . . is separate and distinct from the duty of performance "to act in accordance with the express and implied terms of any contract" with the employer . . . ; as well as a duty "to act with the care, competence, and diligence normally

11

```
            exercised by agents in similar circumstances
            (citations omitted)."  These latter duties are
            normally enforced by the employer through legitimate
            workplace discipline or termination of employment.
```
Id.

The Court finds this reasoning persuasive.  AGT has failed to provide support for a claim for breach of the duty of loyalty by alleging nothing more than Plaintiff having a second job. Whether Plaintiff's inability to adequately perform his job duties in the minds of AGT's management might have been a function of his employment with Intel does not implicate the duty of loyalty.  See Thomas Petroleum, LLC v. Lloyd, 1:11-CV-00902-LJO, 2012 WL 4511369, at *6 (E.D. Cal. 2012) ("duty of loyalty does not preclude an employee from engaging in all outside business pursuits").  Under the facts as alleged by AGT, the "inadequate performance [was] simply an incident of trying to work two jobs."  Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 516 (4th Cir. 1999).

Therefore, the Court finds AGT has failed to state a cause of action for breach of the duty of loyalty in Count Two of the counterclaim.  Accordingly, Plaintiff's motion to dismiss that claim is granted.  Again, it is not clear to the Court that AGT could not amend the Counterclaim to state a cause of action for breach of the duty of loyalty.  Thus, the claim is dismissed without prejudice.

As a result, Plaintiff's arguments regarding AGT's claim for punitive damages in connection with this cause of action are moot.

### 3. Negligence

In its third cause of action, AGT seeks to hold Plaintiff liable for negligence in the performance of his duties. AGT claims that as a result of this negligence, it was "forced to rebuild and replace the software developed by [Plaintiff] at its sole expense." CC ¶ 104. Plaintiff argues the negligence claim as pleaded is barred by the economic loss rule, as well as the provisions of N.R.S. § 78.138. MTD at p. 13.

Section 78.138 is quite broad in scope. It provides that an officer is not individually liable to the corporation for *any* damages as a result of any failure to act in his or her capacity as an officer, unless a breach of a fiduciary duty involved intentional misconduct, fraud or a knowing violation of law. § 78.138(7). Additionally, both California and Nevada follow the economic loss doctrine. The Nevada Supreme Court has stated that the doctrine "bars unintentional tort actions when the plaintiff seeks to recover 'purely economic losses.'" Terracon Consultants Western, Inc. v. Mandalay Resort Group, 125 Nev. 66, 72-73 (2009). This Court has similarly held that "purely economic losses are not recoverable in tort" unless there is a legal duty imposed independent of a contract. NuCal Foods, Inc. v. Quality Egg LLC, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013).

The Ninth Circuit discussed the operation of the economic loss doctrine at some length in Giles v. General Motors Acceptance Corp., 494 F.3d 865, 872-79 (9th Cir. 2007). It found that based on Nevada case law and consistent with the law of other jurisdictions, the economic loss doctrine has been deployed to bar recovery in tort for purely monetary harm in negligence

cases unrelated to product liability.  Id. at 879.  However, it found that Nevada "does not bar recovery in tort where the defendant had a duty imposed by law **rather than by contract** and where the defendant's **intentional** breach of that duty caused purely monetary harm to the plaintiff."  Id.  AGT's claim does not allege intentional conduct on the part of Plaintiff and the duty arose from the parties' contractual employment relationship.

AGT argues in its Opposition that the doctrine does not apply because it has "suffered damage to other property–namely its cash processing machines."  Opp. MTD at p. 12.  It also alleges that it suffered damage to its reputation and business as a result of the negligence.  As Plaintiff points out, the counterclaim itself does not allege any property damage or any other non-economic damages.[2]  Therefore, the economic loss doctrine applies to the claim regardless of whether the Court is applying Nevada or California law.  Accordingly, the Court dismisses the negligence claim without prejudice.

### 4.  Negligent Interference with Economic Relations

In its fourth cause of action, AGT makes a claim for negligent interference with economic relations.  It alleges that as a result of Plaintiff's breach of contract, negligence, and breach of fiduciary duty, AGT's relationships with third parties were disrupted, causing economic damages.  CC ¶¶ 110-111.

///

---

[2] Because only economic damages were alleged, the Court need not address AGT's claim in its Opposition that the failure of the software to achieve its intended result somehow resulted in "property damage" as that phrase is understood in the relevant case law.  Opp. at p. 12.

14

Similar to the claims above, § 78.138 does not permit such a claim to be brought against Plaintiff, a former officer of AGT, as alleged. In addition, Nevada law does not recognize a *negligent* interference with economic relations cause of action. Terracon Consultants, 125 Nev. at 73-74 (tortious interference with contractual relations cognizable only when intentional, rejecting the minority view permitting recovery for negligent interference). The Court finds that applying Nevada law to a claim involving damage to a Nevada corporation incurred in Nevada under an employment contract expressly providing that Nevada law would govern is proper and would not be "contrary to a *fundamental* policy of California." Nedlloyd, 3 Cal.4th at 464-66.

Accordingly, the Court grants Plaintiff's motion to dismiss the fourth cause of action. It is dismissed with prejudice as it appears clear to the Court that there is no set of facts that could be alleged to state such a claim under Nevada law.

D. Motion to Amend

Plaintiff has filed a motion for leave to file a Third Amended Complaint. Plaintiff seeks to add copyright infringement and promissory fraud claims against existing defendant, AGT, as well as against two newly named defendants, AGT officers John Prather and Robert Magnanti (collectively "Defendant Officers"). Motion to Amend at p. 1.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) prescribes that "[t]he court should freely give leave

when justice so requires." Id. "This [leave] policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citing United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

However, a pre-trial scheduling order (Doc. #33) has been issued in this case. Pursuant to Federal Rule of Civil Procedure 16(b)(4), good cause is required to file an amended pleading after a pre-trial scheduling order has been issued. See Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 608 (9th Cir. 1992). The Ninth Circuit has held:

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (additional citations omitted).

Id. at 609.

Plaintiff contends he did not have the factual basis to state the claim of promissory fraud against AGT or the Defendant

16

Officers until AGT filed the declaration of Prather, indicating AGT and its officers were denying the existence of the amended Employment Agreement and an agreement to pay for the software developed by Plaintiff.  Motion for Leave at pp. 4-5.  In addition, Plaintiff argues that it first filed an application for registration of the Software with the United States Copyright Office on July 20, 2013.  Id. at pp. 6-7.  It argues such a claim could not have been brought any earlier.

AGT argues that Plaintiff has not shown good cause sufficient to modify the Status Order and that all facts upon which these new claims are based were known to Plaintiff in advance of filing the Second Amended Complaint.  AGT further contends that it will be prejudiced by the delay.

The Court finds good cause has been shown to grant Plaintiff leave to file the Third Amended Complaint.  The new claims are clearly intertwined with those already present in this action and the Defendant Officers have already been involved in the dispute as officers of AGT.  There is no indication that Plaintiff has not been diligent in bringing these new claims in a timely fashion or that bad faith is involved.  This matter is still in its relatively early stages, and is not set for trial until October 6, 2004. The Court does not find granting Plaintiff's motion will unduly prejudice AGT or Defendant Officers.  Accordingly, the Court grants Plaintiff's Motion for Leave to File Third Amended Complaint.

At AGT's request, the Court hereby permits the parties to file an amended joint status report suggesting modifications to the deadlines currently imposed by the Status Order of July 25,

2013. This amended joint status report shall be filed within sixty (60) days of the date of this Order.

### III.  ORDER

For the reasons set forth above, the Court GRANTS WITHOUT PREJUDICE Plaintiff's Motion to Dismiss the First, Second and Third Causes of Action in the Counterclaim.  The Court GRANTS WITH PREJUDICE Plaintiff's Motion to Dismiss the Fourth Cause of Action.

Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED.  The Third Amended Complaint, attached to Plaintiff's motion, is deemed filed as of the date of this Order.

AGT shall file its responsive pleading to the Third Amended Complaint within thirty (30) days from the date of this Order. If AGT files an amended Counterclaim as part of its responsive pleading, Plaintiff's response to the amended Counterclaim shall be filed within thirty (30) days thereafter.

IT IS SO ORDERED.

Dated: November 27, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE