1  DOWNEY BRAND LLP
   MATTHEW J. WEBER (Bar No. 227314)
2  KATIE KONZ (Bar No. 271436)
   3425 Brookside Road, Suite A
3  Stockton, CA  95219-1757
   Telephone:      (209) 473-6450
4  Facsimile:      (209) 473-6455
   mweber@downeybrand.com
5  kkonz@downeybrand.com

6  Attorneys for Defendants and Counter-Claimant
   AUTOMATED GAMING TECHNOLOGIES, INC.,
7  and Defendants JOHN R. PRATHER, and ROBERT
   MAGNANTI

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11

12  KEITH R. CLAYTON,                      Case No.  2:13-cv-00907-JAM-EFB

13              Plaintiff,                 **STIPULATION FOR PROTECTIVE
                                           ORDER AND [~~PROPOSED~~] PROTECTIVE
                                           ORDER**
14         v.

15  AUTOMATED GAMING
    TECHNOLOGIES, INC., a Nevada
16  corporation, JOHN R. PRATHER, and
    ROBERT MAGNANTI

17              Defendants.

18

19  AND RELATED COUNTERCLAIM.

20  1.    PURPOSES AND LIMITATIONS

21         1.1    Disclosure and discovery activity in this action are likely to involve production of

22  confidential, proprietary, or private information for which special protection from public

23  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

24  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

25  Protective Order ("Order").

26         1.2    The parties acknowledge that this Order does not confer blanket protections on all

27  disclosures or responses to discovery and that the protection it affords from public disclosure and

28  use extends only to the limited information or items that are entitled to confidential treatment

DOWNEY BRAND LLP

1361568.2

1

1    under the applicable legal principles.

2    2.      DEFINITIONS

3           2.1     Challenging Party:  a Party or Non-Party that challenges the designation of

4    information or items under this Order.

5           2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how

6    generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of

7    the Federal Rules of Civil Procedure.

8           2.3     Counsel:  Outside Counsel of Record (and their support staffs) who are not

9    employees of a Party but who are retained to represent or advise a Party in this action.

10          2.4     Designating Party:  a Party or non-party that designates information or items that it

11   produces in disclosures or in responses to discovery as "CONFIDENTIAL."

12          2.5     Disclosure or Discovery Material:  all items or information, regardless of the

13   medium or manner in which it is generated, stored, or maintained (including, among other things,

14   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

15   responses to discovery in this matter.

16          2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to

17   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

18   as a consultant in this action, (2) is not a past or a current employee of a Party or of a Party's

19   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

20   or a Party's competitor.  This definition includes a professional jury or trial consultant retained in

21   connection with this litigation.

22          2.7     [Intentionally omitted]

23          2.8     [Intentionally omitted]

24          2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal

25   entity not named as a Party to this action.

26          2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this

27   action but are retained to represent or advise a party to this action and have appeared in this action

28   on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

DOWNEY BRAND LLP

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party through lawful means prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER

DOWNEY BRAND LLP

1361568.2

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.  No party will indiscriminately or unreasonably stamp or maintain documents as Confidential, and in no event will publicly available documents such as publications or patents be stamped Confidential.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

DOWNEY BRAND LLP

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other

DOWNEY BRAND LLP

forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice or challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15, below

DOWNEY BRAND LLP

1    (FINAL DISPOSITION).

2         However, nothing in this Stipulation and Order shall prevent a Receiving Party from using

3    the information or knowledge gained from reviewing the Protected Materials received to

4    prosecute, whether in this or any other action,  claims against other persons who, in addition to

5    the party charged in this litigation,  may also be liable for the claims asserted by the parties in this

6    litigation, or who are otherwise thereby discovered to have potential liability to the Receiving

7    Party, whether as a co-conspirator, aider and abettor, joint or successive tortfeasor, alter-ego,

8    copyright infringer, or otherwise.  Prior to using the information or knowledge gained from

9    reviewing the Protected Materials in a manner that would disclose the information or knowledge

10   to persons other than the categories of persons and under the conditions described in this Order,

11   the Receiving Party shall notify the Designating Party and initiate a challenge to the designation

12   of the information or items under this Order as Protected Material in the manner provided in

13   Section 6 of this Order.  The Designating Party shall have, as above stated, the burden of

14   persuasion in any such challenge proceeding.

15        Protected Material must be stored and maintained by a Receiving Party at a location and

16   in a secure manner that ensures that access is limited to the persons authorized under this Order.

17        7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

18   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

19   disclose any information or item designated CONFIDENTIAL only to:

20        (a)   the Receiving Party's Outside Counsel of record in this action, as well as

21   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

22   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

23   attached hereto as Exhibit A;

24        (b)   a party, but in the case of a Party who is a legal entity, the disclosure shall

25   only be made to the officers, directors, and employees of the Receiving Party to whom disclosure

26   is reasonably necessary for this litigation.  In each case, the Receiving Party or its officers,

27   directors, and employees must have signed the "Acknowledgment and Agreement to Be Bound"

28   (Exhibit A) prior to disclosure to such persons;

DOWNEY BRAND LLP

1361568.2

8

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     Court reporters and their staffs, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     [Intentionally omitted]

8.     [Intentionally omitted]

9.     CLAIMS OF RIGHT TO GREATER PROTECTION

9.1     The Parties disagree on whether or to what extent certain documents and information may or may not be entitled to greater protections than provided in this Order.  This includes, but is not limited to,  disagreements on:

(a)     Whether or to what extent the production of computer "SOURCE CODE," is necessary in the circumstances of this action, the definition of "SOURCE CODE",, and the limitations, conditions and protections to be afforded to any production of ""SOURCE CODE." ;

(b)     Whether or to what extent the production of computer programs is necessary in the circumstances of this action, and the limitations, conditions and protections to be afforded to any production of such programs;

(c)     Whether or to what extent other documents and information may be

DOWNEY BRAND LLP

entitled to protection as to be seen by "Attorneys' Eyes Only" and the limitations, conditions and protections to be thereby afforded.

9.2    Any Party contending that greater protections in addition to those provided in this Stipulation and Order are necessary for certain documents and information shall have the burden of justifying the necessity and entitlement to such additional protections under the normal procedures for establishing entitlement to a protective order.

9.3    Non-Waiver.

(a)    Nothing in this Stipulation and Order  prohibits the withholding of production of documents and information on the grounds that the same are entitled to greater protection than provided in this Stipulation and Order, but the Party so withholding documents or information shall have the burden of justifying additional protections under the normal procedures for establishing entitlement to a protective order.

(b)    Nothing in this Stipulation and Order shall be deemed a waiver of a Party's right to object to, or move for a protective order with respect to,  production of documents and information on the grounds that the same are entitled to greater protection that provided in this Stipulation and Order.

(c)    Nothing in this Stipulation and Order shall be deemed a waiver of a Party's right to compel protection of  documents and information withheld by the other Party on the grounds that the same are entitled to greater protection that provided in this Stipulation and Order

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or otherwise subject to a protective order entered herein, that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in

DOWNEY BRAND LLP

1    the other litigation that some or all of the material covered by the subpoena or order is subject to

2    this Protective Order, or otherwise subject to a protective order entered herein.  Such notification

3    shall include a copy of this Stipulated Protective Order or any otherwise applicable protective

4    order; and

5         (c)      cooperate with respect to all reasonable procedures sought to be pursued by the

6    Designating Party whose Protected Material may be affected.

7         If the Designating Party timely seeks a protective order, the Party served with the

8    subpoena or court order shall not produce any information designated in this action as

9    "CONFIDENTIAL," or otherwise subject to a protective order herein, before a determination by

10    the court from which the subpoena or order issued, unless the Party has obtained the Designating

11    Party's permission.  The Designating Party shall bear the burden and expense of seeking

12    protection in that court of its confidential material – and nothing in these provisions should be

13    construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

14    directive from another court.

15    11.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

16          <u>LITIGATION</u>.

17         (a)      The terms of this Order are applicable to information produced by a Non-Party in

18    this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in

19    connection with this litigation is protected by the remedies and relief provided by this Order.

20    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

21    additional protections.

22         (b)      In the event that a Party is required, by a valid discovery request, to produce a

23    Non-Party's confidential information in its possession, and the Party is subject to an agreement

24    with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

25          1.      promptly notify in writing the Requesting Party and the Non-Party that

26    some or all of the information requested is subject to a confidentiality agreement with a Non-

27    Party;

28          2.      promptly provide the Non-Party with a copy of the Stipulated Protective

DOWNEY BRAND LLP

1 Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

2 the information requested; and

3                 3.      make the information requested available for inspection by the Non-Party.

4      (c)     If the Non-Party fails to object or seek a protective order from this court within 14

5 days of receiving the notice and accompanying information, the Receiving Party may produce the

6 Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

7 seeks a protective order, the Receiving Party shall not produce any information in its possession

8 or control that is subject to the confidentiality agreement with the Non-Party before a

9 determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

10 burden and expense of seeking protection in this court of its Protected Material.

11 12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

12      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

13 Material to any person or in any circumstance not authorized under this Stipulated Protective

14 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

15 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

16 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

17 this Order, and (d) request such person or persons to execute the "Acknowledgment and

18 Agreement to Be Bound" that is attached hereto as Exhibit A.

19 13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

20      <u>MATERIAL</u>

21      When a Producing Party gives notice to Receiving Parties that certain inadvertently

22 produced material is subject to a claim of privilege or other protection, the obligations of the

23 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

24 provision is not intended to modify whatever procedure may be established in an e-discovery

25 order that provides for production without prior privilege review.  Pursuant to Federal Rule of

26 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

27 communication or information covered by the attorney-client privilege or work product

28 protection, the parties may incorporate their agreement in the stipulated protective order

DOWNEY BRAND LLP

1  submitted to the court.

2  14.  <u>MISCELLANEOUS</u>

3      (a)  <u>Right to Further Relief</u>.  Nothing in this order abridges the right of any person to

4  seek its modification by the court in the future.

5      (b)  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

6  Order, no Party waives any right it otherwise would have to object to disclosing or producing any

7  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

8  no Party waives any right to object on any ground to use in evidence of any of the material

9  covered by this Protective Order.

10      (c)  <u>Filing Protected Material</u>.  Without written permission from the Designating Party

11  or a court order secured after appropriate notice to all interested persons, a Party may not file in

12  the public record in this action any Protected Material.  A Party that seeks to file under seal any

13  Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed

14  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

15  issue.  If a Receiving Party's request to file Protected Material under seal is denied by the court,

16  then the Receiving Party may file the Protected Material in the public record unless otherwise

17  instructed by the court.

18  15.  <u>FINAL DISPOSITION</u>

19      Within 60 days after the final disposition of this action, as defined in Section 4, each

20  Receiving Party must return all Protected Material to the Producing Party or destroy such

21  material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

22  compilations, summaries, and any other format reproducing or capturing any of the Protected

23  Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

24  submit a written certification to the Producing Party (and, if not the same person or entity, to the

25  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

26  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

27  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

28  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

DOWNEY BRAND LLP

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  February 25, 2014              DOWNEY BRAND LLP


By: /s/ Katie Konz
MATTHEW J. WEBER
KATIE KONZ
Attorneys for Defendant and Counter-Claimant
AUTOMATED GAMING TECHNOLOGIES, INC.
and Defendants
JOHN R. PRATHER, and ROBERT MAGNANTI


DATED:  February 25, 2014              By:/s/ Gilbert J. Premo
GILBERT J. PREMO
Attorney for Plaintiff and Counter-Defendant
KEITH R. CLAYTON


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  February 27, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1361568.2

14

DOWNEY BRAND LLP

# EXHIBIT A

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Eastern District of California on [DATE] in the case of

*Clayton v. Automated Gaming Technologies, Inc.*, Case No. 2:13-cv-00907-JAM-EFB.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

the enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

1361568.2

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] PROTECTIVE ORDER

DOWNEY BRAND LLP