UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R. CLAYTON,<br><br>          Plaintiff,<br><br>     v.<br><br>AUTOMATED GAMING TECHNOLOGIES,<br>INC., a Nevada corporation, JOHN<br>R. PRATHER, and ROBERT MAGNANTI,<br><br>          Defendants. | No.  2:13-cv-00907-JAM-EFB<br><br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTION TO DISMISS** |
| AUTOMATED GAMING TECHNOLOGIES,<br>INC., a Nevada corporation,<br><br>          Counter-Claimant,<br><br>     v.<br><br>KEITH R. CLAYTON, and DOES 1<br>through 10, inclusive,<br><br>          Counter-Defendants. | |

     This matter is before the Court on Defendants Automated

Gaming Technologies, Inc. ("AGT"), John R. Prather, and Robert

1  Magnanti's (collectively "Defendants") Motion to Dismiss (Doc.

2  #68) the sixth and seventh causes of action in Plaintiff Keith R.

3  Clayton's ("Plaintiff") Third Amended Complaint ("TAC") (Doc.

4  #60).[1]  Plaintiff filed an opposition (Doc. #90) and Defendants

5  replied (Doc. #94).

6

7          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

8       The Third Amended Complaint states seven causes of action

9  against Defendants: (1) restitution after rescission of the

10 software contract, (2) breach of the software contract,

11 (3) common count for goods delivered, (4) breach of employment

12 contract, (5) common count for labor and services, (6) fraud, and

13 (7) copyright infringement.

14      AGT is a Nevada corporation that develops and sells software

15 and hardware for the cash processing industries.  TAC ¶¶ 4, 10.

16 Prather is the executive vice-president and secretary at AGT, and

17 Magnanti is the president of AGT.  Id. ¶¶ 5-6.  Plaintiff is a

18 computer programmer and a designer and author of computer

19 software.  Id. ¶ 10.

20      In September 2009, AGT hired Plaintiff as the Executive Vice

21 President of its Systems Department.  TAC ¶ 32.  AGT and

22 Plaintiff executed a written employment agreement ("First

23 Employment Agreement").  In April 2010, Plaintiff and AGT entered

24 into a subsequent employment agreement ("Second Employment

25 Agreement"), amending and superseding the First Employment

26

27 ────────────────
   [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28 scheduled for March 5, 2014.

                                  2

1  Agreement.  Id. ¶ 33, Exh. A.  In 2010, Plaintiff entered into an

2  oral contract with AGT ("Software Sale Agreement") to sell it

3  certain software that he had created, called an Administrative

4  Application ("Admin App").  TAC ¶¶ 11-13.

5       Plaintiff alleges that in the period from August to mid-

6  September 2009, and in the First Employment Agreement, Prather

7  and Magnanti, on behalf of AGT, promised they would pay 1.5% of

8  gross profits from the Systems division and give Plaintiff 1% of

9  AGT's stock after each year of employment.  TAC ¶ 49.

10  Subsequently, Prather and Magnanti renegotiated the terms of

11  Plaintiff's employment in March 2010, representing and promising

12  to Plaintiff additional compensation from AGT.  Id. ¶¶ 50-53.

13  The substance of these representations was included in the Second

14  Employment Agreement.  Plaintiff further alleges that starting

15  in August 2009, through early 2010, Defendants made repeated

16  representations that they would buy and pay for the Admin App.

17  Id. ¶¶ 55-56.  Eventually, these promises and the specific terms

18  of the deal were included in the Software Sale Agreement.

19  Plaintiff is the owner of the copyright for the Admin App.  Id.

20  ¶ 67.  The Admin App was used as the foundation for developing

21  certain software for AGT, including "Currency Banking Management

22  System" software ("CBMS software") and Biometric software.  Id.

23  ¶ 16, 68.

24       Plaintiff filed the First Amended Complaint (Doc. #1-A) on

25  March 29, 2013, alleging five causes of action against AGT

26  arising from the Employment Agreements and the Software Sale

27  Agreement.  AGT removed the case to this Court and brought a

28  Motion to Dismiss for Lack of Personal Jurisdiction and/or

1   Improper Venue or in the alternative to Transfer Venue (Doc. #7)

2   to the District of Nevada.  Plaintiff filed an unopposed counter-

3   motion for leave to file the Second Amended Complaint (Doc. #18).

4   AGT's motion was dismissed in its entirety (Doc. #29), and

5   Plaintiff was given leave to file the Second Amended Complaint

6   (Doc. #30).  The Second Amended Complaint was deemed filed by

7   this Court as of July 10, 2013 (Doc. #30); it added, in relevant

8   part, allegations of a subsequent version of the Employment

9   agreement.  On September 21, 2013, Plaintiff filed a motion for

10  leave to file the Third Amended Complaint (Doc. #41), which added

11  claims for copyright infringement and promissory fraud against

12  then-existing defendant, AGT, as well as against newly named

13  defendants Prather and Magnanti.  Plaintiff also filed a motion

14  to dismiss (Doc. #37) AGT's Counterclaim (Doc. #34).  The Court

15  granted both motions (Doc. #59).  The current motion to dismiss

16  was filed on January 6, 2014 and seeks dismissal of the sixth and

17  seventh causes of action in the Third Amended Complaint.

18

19                        II.   OPINION

20       A.   Request for Judicial Notice

21       Plaintiff requests the Court judicially notice (Doc. #91)

22  two copies of the First Employment Agreement.

23       Generally, the Court may not consider material beyond the

24  pleadings in ruling on a motion to dismiss for failure to state

25  a claim.  The exceptions are material attached to, or relied on

26  by, the complaint so long as authenticity is not disputed, or

27  matters of public record, provided that they are not subject to

28  reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL

                                4

1   2241664, at *2 (C.D. Cal. 2009) (citing <u>Lee v. City of Los</u>

2   <u>Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid.

3   201).

4        The First Employment Agreement is clearly relied on in the

5   complaint and its authenticity is not disputed.  Accordingly,

6   the Court grants Plaintiff's request for judicial notice.

7        B.   <u>Discussion</u>

8        Defendants' Motion to Dismiss targets the sixth and seventh

9   causes of action in the Third Amended Complaint.  Defendants

10  contend the claims for fraud and copyright infringement do not

11  meet even the most liberal pleading requirement, and thus cannot

12  withstand this motion filed pursuant to Rule 12(b)(6) of the

13  Federal Rules of Civil Procedure.  MTD at p. 2.

14          1.   <u>Fraud</u>

15       Defendants contend Plaintiff's claim for fraud must fail

16  because the allegations of the Third Amended Complaint do not

17  meet the heightened pleading requirements imposed by Rule 9(b).

18  MTD at p. 6.

19       Under either Nevada or California law, the elements of a

20  claim for fraud are: (1) a false representation, (2) defendant's

21  knowledge of its falsity, (3) intent to induce reliance,

22  (4) justifiable reliance, and (5) resulting damages.  <u>See</u> <u>Small</u>

23  <u>v. Fritz Companies, Inc.</u>, 30 Cal. 4th 167, 173 (2003); <u>Nelson v.</u>

24  <u>Heer</u>, 123 Nev. 217, 225 (2007).  Averments of fraud must be

25  accompanied by the who, what, when, where, and how of the

26  misconduct charged.  <u>Vess v. Ciba</u>, 317 F.3d 1097, 1106 (9th Cir.

27  2003); Fed. R. Civ. Proc. 9(b).

28  ///

1      Defendants contend that the Third Amended Complaint is

2   completely devoid of any specific facts and details and thus

3   fails to meet the heightened standard.   MTD at pp. 6-8.   They

4   argue the allegations are vague, referring to "representations"

5   made by Defendants without details as to their content or timing.

6   Defendants also argue the claim should fail because Plaintiff has

7   failed to adequately allege that Defendants knew their

8   representations were false or that they had no intent to perform

9   at the time the representations were made.

10      Plaintiff responded in the Opposition that the details of

11   the false representations underlying his fraud claim are

12   explicitly contained in the agreements themselves.   Plaintiff

13   states that the allegations regarding the negotiations prior to

14   the contracts being formed "supply but a background" to the

15   agreements entered into by the parties; the agreements themselves

16   supply the "specific content of the false representations."   Opp.

17   at pp. 11-12.

18      In their Reply, Defendants admit that they misunderstood the

19   claim as arising from the negotiations prior to the agreements,

20   rather than being based on the promises and representations

21   specifically contained in the agreements.   Reply at p. 2.   They

22   argue that Plaintiff has now clearly articulated that the false

23   representations underlying the fraud claim are those promises

24   made in the agreements themselves.   Defendants contend that the

25   claim is therefore barred by the economic loss doctrine.   The

26   Court agrees and because it does not believe that additional

27   briefing on the issue is necessary, grants Defendants' motion on

28   this ground.

1     "[T]he economic loss doctrine is designed to maintain a

2 distinction between damage remedies for breach of contract and

3 for tort. The term "economic loss" refers to damages that are

4 solely monetary . . . .  The economic loss doctrine provides that

5 certain economic losses are properly remediable only in

6 contract." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865,

7 873 (9th Cir. 2007).   The economic loss doctrine has been applied

8 to bar fraud claims where "the damages plaintiffs seek are the

9 same economic losses arising from the alleged breach of

10 contract."  Multifamily Captive Group, LLC v. Assurance Risk

11 Managers, Inc., 629 F.Supp.2d 1135, 1146 (E.D. Cal. 2009); see

12 also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc., 868

13 F. Supp. 2d 983, 991-92 (E.D. Cal. 2012); Alvarado Orthopedic

14 Research, L.P.  v. Linvatec Corp., No. 11-CV-246-IEG (RBB), 2011

15 WL 3703192, at *3 (S.D. Cal. 2011).   "Quite simply, the economic

16 loss rule 'prevent[s] the law of contract and the law of tort

17 from dissolving one into the other.'"  Robinson Helicopter Co.,

18 Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004) (quoting Rich

19 Products Corp. v. Kemutec, Inc., 66 F.Supp.2d 937, 969 (E.D. Wis.

20 1999)).

21     The sixth cause of action in the Third Amended Complaint

22 contains a series of paragraphs describing the alleged false

23 representations underlying the claim.  TAC ¶¶ 49-56.  Plaintiff

24 alleges that the false representations were made during the

25 negotiations of the two employment agreements and the Software

26 Sale Agreement and eventually formed the basis of those

27 agreements.  Plaintiff makes clear in his Opposition that the

28 specific content of the false representations made during the

1    contract negotiations is in fact contained in the three

2    agreements.  Opp. at pp. 11-12.  He downplays any emphasis on the

3    content of the negotiations outside of and prior to the

4    agreements as simply a way to tie Prather and Magnanti to the

5    formation of the agreements containing these representations and

6    to show their knowledge and participation in the formation of the

7    agreements. Id.

8        "To allow a fraud claim [where the false representations

9    underlying it are those made in the contract itself] would 'open

10    the door to tort claims in virtually every case in which a party

11    promised to make payments under a contract but failed to do so.'"

12    Multifamily Captive Group, 629 F. Supp. 2d at 1146 (quoting

13    Intelligraphics, Inc. v. Marvell Semiconductor, Inc., No. C07-

14    02499 JCS, 2009 WL 330259, at *17 (N.D. Cal. 2009)).  The Court

15    finds Plaintiff's fraud claim is merely a restatement of his

16    contract claims in the form of a tort claim.  The economic loss

17    doctrine must be applied to bar such a claim.  See id.; Giles,

18    494 F.3d at 880; Foster Poultry Farms, 868 F. Supp. 2d at 991-92.

19        Accordingly, Defendants' Motion to Dismiss the sixth cause

20    of action for fraud is GRANTED.  Because Plaintiff has clearly

21    indicated that the specific content of the false representations

22    was included in the agreements themselves, the claim cannot be

23    amended to state a viable cause of action for fraud.  Therefore

24    the claim is dismissed with prejudice.

25              2.   Copyright Infringement

26        Defendants contend Plaintiff's copyright infringement claim

27    should be dismissed because it fails to adequately allege a

28    required element, copying, and even if it did, the allegations as

1   a whole do not meet even the most liberal pleading standard.   MTD

2   at pp. 9-11.

3       To demonstrate copyright infringement, a plaintiff must

4   prove two elements: (1) "ownership of a valid copyright" and

5   (2) "copying of constituent elements of the work that are

6   original."   <u>Twentieth Century Fox Film Corp. v. Entm't Distrib.</u>,

7   429 F.3d 869, 876 (9th Cir. 2005).

8       It appears that, for purposes of their Motion to Dismiss,

9   Defendants have conceded the first element.   MTD at p. 9.

10  However, they argue Plaintiff has failed to plead the requisite

11  copying to establish a copyright infringement claim.   Defendants

12  contend the CBMS and Biometric software, which Plaintiff

13  identifies as sources of infringing material, are "works made for

14  hire" and thus cannot serve as the basis for Plaintiff's

15  copyright infringement claim because AGT is the owner of the

16  software.   MTD at p. 10. Therefore, they argue, the copyright

17  infringement claim fails as a matter of law.

18      A "work made for hire" is "a work prepared by an employee

19  within the scope of his or her employment."   17 U.S.C. § 101.

20  Defendants argue the CBMS and Biometric software were made while

21  Plaintiff was an employee of AGT in the scope of that employment.

22  Plaintiff argues the CBMS and Biometric software are derivative

23  works and that AGT has no rights to them because AGT unlawfully

24  used Plaintiff's copyrighted Admin App in developing it.   Opp. at

25  p. 18-19.

26      A "derivative work" is a "work based upon one or more

27  preexisting works."   17 U.S.C. § 101.   However, "protection for a

28  work employing preexisting material in which copyright subsists

1    does not extend to any part of the work in which such material

2    has been used unlawfully." Id. § 103(a).  Therefore, regardless

3    of whether AGT may be considered the "author" or owner of the

4    CBMS and Biometric software, it does not own or have rights in

5    the Admin App ("the preexisting material in which copyright

6    subsists") if that material was used unlawfully.  Id.; see U.S.

7    Auto Parts Network, Inc. v. Parts Geek, LLC, 692 F.3d 1009, 1015-

8    16 (9th Cir. 2012).  Taking the allegations in the Third Amended

9    Complaint as true, the CBMS and Biometric software are derivative

10   works using the Admin App as their foundation (TAC ¶ 68); AGT's

11   use of the Admin App was unlawful and thus AGT is liable for any

12   improper use of it (TAC ¶¶ 69-70).

13        Defendants further argue that even if improper copying has

14   been alleged, the Third Amended Complaint fails to allege

15   sufficient facts relating to what acts and during what time

16   Defendants infringed upon the copyright.  MTD at p. 11.

17   Defendants claim the allegations include nothing more than bare

18   assertions and legal conclusions.

19        Copyright claims need not be pled with particularity.

20   Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d

21   1114, 1120 (C.D. Cal. 2001).  "[C]omplaints simply alleging

22   present ownership by plaintiff, registration in compliance with

23   the applicable statute and infringement by defendant have been

24   held sufficient under the rules."  Id.; see also Facebook, Inc.

25   v. Power Ventures, Inc., C 08-5780 JF (RS), 2009 WL 1299698, at

26   *4 (N.D. Cal. 2009); Marvel Enterprises, Inc. v. NCSoft Corp., CV

27   04-9253RGKPLAX, 2005 WL 878090, at *2 (C.D. Cal. 2005).

28   ///

1     The Third Amended Complaint specifically alleges Defendants
2  have infringed on Plaintiff's copyright in the Admin App through
3  its unauthorized direct reproduction and copying of the Admin App
4  as well as through the reproducing, distributing, displaying, and
5  offering for sale of derivate works unlawfully incorporating the
6  Admin App.  TAC ¶¶ 67-70.  Therefore, Plaintiff has sufficiently
7  alleged a copyright infringement claim.

8     Defendants cite several cases supporting their contention
9  that these allegations are not enough.  However, their reliance
10  is misplaced as many of these cases involve more speculative or
11  vague allegations.  For instance, Defendants cite to Universal
12  Surface Tech., Inc. v. Sae-A Trading Am. Corp., CV 10-6972
13  CASPJWX, 2011 WL 281020, at *6 (C.D. Cal. 2011) where the court
14  dismissed the plaintiff's copyright claim.  However, the court
15  made its ruling on standing grounds and even when it considered
16  the allegations in the complaint the court found it alleged "no
17  facts indicating what acts constitute the alleged infringement,
18  and which copyrights have allegedly been infringed."  Id.  Here,
19  Plaintiff has clearly indicated what copyright has been allegedly
20  infringed and the acts that constitute the infringement.

21     Accordingly, Defendants Motion to Dismiss the copyright
22  infringement claim as a whole is denied.

23     Defendants argue that even if the claim is sufficiently
24  alleged against AGT, the complaint lacks factual allegations
25  establishing Prather and Magnanti's individual liability.  MTD at
26  p. 12.  Defendants cite Berster Technologies, LLC v. Christmas,
27  CIV. S-11-1541 KJM, 2011 WL 5307834 (E.D. Cal. 2011) as support
28  for their contention.

1    In _Berster_, the court did dismiss plaintiff's copyright

2  infringement claim against one defendant, EinsteinModz, reasoning

3  plaintiff made nothing more than conclusory references to its

4  involvement in any infringement.  _Berster_, at *9-10.  However, in

5  the same paragraph the _Berster_ court found the claims against

6  another defendant, Coy Christmas, an officer of the defendant

7  companies, sufficient.  _Id._  The court stated that the

8  plaintiff's allegations were sufficient to state a copyright

9  violation because they identified the copyright and the allegedly

10  infringing activities, citing a section of the complaint in which

11  the defendant officer is alleged to have improperly sold

12  copyrighted material.  _Id._

13    Again, Plaintiff has identified the copyright and the

14  allegedly infringing activities, specifically alleging that

15  Prather and Magnanti personally directed the improper

16  reproducing, distributing, public displaying and selling of

17  Plaintiff's copyrighted Admin App and its derivate works.  TAC ¶¶

18  70-71.  The Ninth Circuit has clearly stated that in the context

19  of copyright law, liability may extend "to cases in which a

20  defendant 'has the right and ability to supervise the infringing

21  activity and also has a direct financial interest in such

22  activities.'"  _A&M Records, Inc. v. Napster, Inc._, 239 F.3d 1004,

23  1022 (9th Cir. 2001) (internal citation omitted).  Corporate

24  officers may be held personally liable for copyright infringement

25  if they authorize or direct or participate in the unlawful

26  activity, even when acting as agents of the corporation.  _Bangkok_

27  _Broad. & T.V. Co., Ltd. v. IPTV Corp._, 742 F. Supp. 2d 1101,

28  1114-15 (C.D. Cal. 2010).  Plaintiff's allegation that Prather

1    and Magnanti personally directed the infringing activities is

2    enough to allow the claim to proceed.

3        Accordingly, Defendants motion to dismiss the copyright

4    infringement claim as against Prather and Magnanti is DENIED.

5

6                           III.   ORDER

7        For the reasons set forth above, the Court GRANTS WITH

8    PREJUDICE Defendants' Motion to Dismiss the Sixth Cause of Action

9    for fraud.

10       The Court DENIES Defendants' Motion to Dismiss the Seventh

11   Cause of Action for copyright infringement.

12       IT IS SO ORDERED.

13   Dated:  April 2, 2014

14                                    _____

15                                    JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    13