UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R. CLAYTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation, JOHN R. PRATHER, and ROBERT MAGNANTI,<br><br>　　　　Defendants. | No.　2:13-cv-00907-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF AND COUNTER DEFENDANT'S MOTION TO DISMISS IN PART AND DENYING IN PART** |
| AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation,<br><br>　　　　Counter-Claimant,<br><br>　v.<br><br>KEITH R. CLAYTON, and DOES 1 through 10, inclusive,<br><br>　　　　Counter-Defendants. | |

　　　This matter is before the Court on Plaintiff and Counter-Defendant Keith R. Clayton's ("Plaintiff") Motion to Dismiss

(Doc. #86) Defendant and Counter-Claimant Automated Gaming Technologies, Inc.'s ("AGT") First Amended Counterclaim (Doc. #69).[1]  AGT opposed the motion (Doc. #99), and Plaintiff replied (Doc. #100).

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The allegations and extensive procedural history of this action are well known to the parties and do not need to be repeated in detail here.  In brief, Plaintiff's suit and AGT's counter claims arise out of a series of negotiations between the parties regarding two iterations of an employment agreement and an alleged sales contract for the purchase of software created by Plaintiff, as well as the subsequent employment relationship. Plaintiff earlier moved to dismiss (Doc. #37) AGT's Counterclaim (Doc. #34), which alleged four causes of action:  (1) breach of contract, (2) breach of duty of loyalty, (3) negligence, and (4) negligent interference with economic relations.

The Court dismissed the first two causes of action without prejudice.  Relevant here, the Court ruled that Plaintiff was an "officer" within the meaning of Nevada Revised Statutes § 78.138(7) ("§78.138").  The Court found that AGT failed to allege that Plaintiff's breach of the employment contract involved "intentional misconduct, fraud or a knowing violation of law" as required by §78.138 when bringing an action against an officer of a corporation for acts in his or her capacity as an officer.  The

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 9, 2014.

2

Court then found AGT's allegations regarding Plaintiff's conduct failed to amount to a breach of Plaintiff's duty of loyalty to AGT, as alleged in the second cause of action, although the Court did find such a duty existed. The Court dismissed the remaining causes of action.

The First Amended Counterclaim states three causes of action against Plaintiff: (1) breach of fiduciary duties, (2) fraud, and (3) breach of contract. The relevant allegations contained in the First Amended Counterclaim supporting each of these causes of action will be discussed below.

## II. OPINION

### A. Request for Judicial Notice

Plaintiff requests the Court judicially notice certain facts and representations made in previous filings with the Court in this matter (Doc. #88). Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664, at *2 (C.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

The Court denies Plaintiff's request. The Court has considered the First Amended Counterclaim and the contract relied on and attached to it in deciding Plaintiff's motion to dismiss herein.

3

//

B. <u>Sanctions</u>

Pursuant to the Court's Order Re Page Limits (Doc. #4-2), reply memoranda are limited to ten (10) pages. Plaintiff's Reply (Doc. #100) to AGT's opposition to this motion was twenty-four (24) pages long. The Court hereby sanctions Plaintiff $50 for each page in excess of the court-ordered limit, amounting to $700.

C. <u>Discussion</u>

1. <u>Breach of Fiduciary Duties</u>

Plaintiff contends AGT's first cause of action for breach of fiduciary duties must fail because it does not meet the requirements of §78.138, namely that it does not allege "intentional misconduct, fraud or a knowing violation of law". MTD at pp. 20-24.

In the First Amended Counterclaim, AGT alleges that Plaintiff wrongfully withheld technical information from AGT in order to demand payment regarding the disputed software sale contract and "additional and excessive compensation." FACC ¶ 33. In addition, AGT alleges that Plaintiff misappropriated proprietary information obtained from AGT and used it improperly in the software for which he is currently seeking a copyright. FACC ¶ 34. AGT alleges this resulted in damages, including loss of customers and goodwill. FACC ¶ 35.

As compared to the allegations in the original Counterclaim, these additional allegations involve Plaintiff's intentional misuse of "confidential information" gained from AGT and intentionally withholding information from AGT for profit

while employed by AGT, thereby acting against the best interests of his employer in "matters connected with his agency." Restatement (Second) of Agency §§ 387, 393 comment (a). These allegations meet the requirements of §78.138, a breach of fiduciary duties involving Plaintiff's intentional misconduct. The claim for breach of fiduciary duties in the First Amended Counterclaim "sufficiently allege[s] underlying facts" that "plausibly suggest an entitlement to relief." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012). The basis for this claim does not trigger the heightened pleading requirements of Rule 9, as argued by Plaintiff, as it does not rely on fraudulent conduct. Accordingly, Plaintiff's motion to dismiss AGT's first cause of action is DENIED.

      2.   Fraud

AGT's second claim for relief is for fraud. Plaintiff contends the allegations supporting this cause of action fail to meet the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.

In the First Amended Counterclaim, AGT alleges it was induced to hire Plaintiff by misrepresentations made by him in "his resume and other communications." FACC ¶ 37. The alleged misrepresentations concerned his possession of the "expertise and experience to write and develop the cash processing software AGT is in the business of selling." Id. He also represented that he had the experience to support and run the Systems Department at AGT, which AGT alleges he did not. Id. He also represented that the software he had created "had certain capabilities" that AGT

5

later learned it did not have.  Id. ¶ 38.

The Court finds AGT's counterclaim fails to state a claim for fraud with the requisite particularity pursuant to Rule 9. What is lacking from the pleadings is, coincidentally, exactly what AGT offers to provide if the Court dismisses the claim: "additional and more specific facts in support of its claim"; allegations that "identify conversations" and their details; and "additional facts relating to [Plaintiff's] representations," which "allege more specifically how such representations were false."  Opp. at pp. 20-21.  Accordingly, the Court grants Plaintiff's motion to dismiss the second cause of action for fraud, but grants AGT leave to amend.

Plaintiff includes a one sentence argument in his Motion to Dismiss contending the statute of limitations bars the claim for fraud. MTD at p.19  "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)).  However, "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'"  Id. (quoting Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).  The Court does not find that AGT can plead no set of facts that would establish the timeliness of the claim."  Id.  Therefore, notwithstanding Plaintiff's statute of limitations argument, the

1  Court grants AGT leave to amend this claim.  As a result of the
2  Court's dismissal, Plaintiff's arguments regarding AGT's claim
3  for punitive damages in connection with this cause of action are
4  moot.

### 3. Breach of Contract

6  Plaintiff contends the breach of contract claim must fail
7  because it does not state facts sufficient to constitute a
8  viable claim under §78.138.  MTD at p. 24.  He argues AGT has
9  primarily just repeated allegations from the rejected breach of
10 contract claim from the initial Counterclaim, and that AGT
11 misstates the nature of the employment agreement.

12  AGT argues that it has sufficiently stated a claim.  It
13 points to allegations that Plaintiff purposefully obtained
14 employment with another company and did not tell AGT about it.
15 Opp. at pp. 14-15.  As a result of this other employment,
16 Plaintiff was preoccupied and did not have as much time for his
17 work with AGT and therefore his work suffered.  These
18 allegations parallel those in the first Counterclaim and again
19 fail to meet the requirements of §78.138 for the same reasons
20 laid out in the Court's previous order dismissing AGT's breach
21 of contract claim.

22  AGT has added additional allegations regarding Plaintiff's
23 unauthorized use of its proprietary information in the software
24 Plaintiff seeks to copyright and/or alleges the software is the
25 property of AGT because it was constructed during the time
26 Plaintiff was employed by AGT.  FACC ¶ 54.  This conduct is
27 certainly actionable under §78.138, but as a breach of
28 Plaintiff's fiduciary duties to AGT, as stated in AGT's first

cause of action.  In its opposition, AGT contends that the claim does not even fall within the purview of §78.138 because it is not one against Plaintiff as an officer of AGT.  Were the Court to accept this argument, AGT would thereby undermine its claim that the underlying conduct is actionable as a violation of the terms of Plaintiff's employment.  If the actions underlying the claim occurred outside of Plaintiff's employment relationship with AGT, a claim for breach of the employment contract is misplaced.  Accordingly, the Court dismisses the breach of contract claim.  As AGT has been unable to assert a viable breach of contract claim after sufficient leave to amend its first attempt, the claim is dismissed without leave to amend.  The Court finds any actionable conduct alleged by AGT under its breach of contract claim, is more properly brought under its breach of fiduciary duties claim in the first cause of action.

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Dismiss the First Cause of Action for breach of fiduciary duties in the First Amended Counterclaim. The Court GRANTS WITH LEAVE TO AMEND Plaintiff's Motion to Dismiss the Second Cause of Action for fraud.  The Court GRANTS WITHOUT LEAVE TO AMEND Plaintiff's Motion to Dismiss the Third Cause of Action for breach of contract.  A Second Amended Counterclaim must be filed within twenty (20) days of the date of this Order.  Plaintiff's responsive pleading must be filed within twenty (20) days thereafter.

Plaintiff's counsel shall pay the $700 in sanctions to the

clerk of the court within ten (10) days of the date of this Order.

IT IS SO ORDERED.

Dated: April 18, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE