GILBERT J. PREMO
Attorney at Law (Bar No. 48503)
500 Northfield Lane
San Francisco, CA  94105
Telephone:  (415) 974-6664
Facsimile:  (415) 762-5350
gilbertpremo@gmail.com

Attorney for Plaintiff and Counter-Defendant
KEITH R. CLAYTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R CLAYTON,<br><br>            Plaintiff<br>vs.<br><br>AUTOMATED GAMING TECHNOLOGIES, INC. a Nevada corporation, et al.<br><br>            Defendants.<br>---------------------------------------------------------<br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation,<br><br>     Counter-Claimant<br><br>v.<br><br>KEITH R. CLAYTON, and DOES 1 Through 10, inclusive,<br><br>          Counter-Defendants. | Case No.  2:13-cv-00907-JAM-EFB<br><br>[~~PROPOSED~~]<br><br>ORDER GRANTING PLAINTIFF MOTION TO COMPEL DEFENDANT AUTOMATED GAMING TECHNOLOGIES, INC. TO PRODUCE DOCUMENTS PURSUANT TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>Date:  July 30, 2014<br>Time:  10:00 a.m.<br>Judge: Hon. Edmund F. Brennan<br>Courtroom  8, 13th Floor |

The motion of plaintiff and counter-defendant Keith R. Clayton ("plaintiff") for an order compelling defendant and cross-complainant Automated Gaming Technologies, Inc. ("AGT") to produce the documents requested in Plaintiff's Second Request for Production of Documents to Defendant (the "Document Request"),  came on regularly for hearing on July 30, 2014, at 10:00 am., in the above-entitled Court.   Gilbert J. Premo appeared as counsel for plaintiff, and Katie Konz, Esq. and Christopher B. Burton, Esq. of Downey Brand LLP appeared as counsel for AGT.

At issue at the time of the hearing were Requests Nos. 2 and 3 of the Document Request. The Court having read and considered the papers submitted by the parties, and heard the arguments of counsel, and good cause therefor appearing, plaintiff's motion is GRANTED as follows, and the Court ORDERS AS FOLLOWS:

1. As to Request No. 2 of the Document Request, AGT shall, by August 13, 2014, produce the program, production of which was demanded in that Request, on a computer at the offices of AGT's attorneys in Sacramento, California, and make the same available to plaintiff himself (and his attorneys and experts), who shall be allowed to inspect, examine, run, execute and test the program on that computer.

2. As to Request No. 3 of the Document Request, AGT shall, by August 13, 2014 produce the source code of the program, production of which source code was demanded in that Request, on a computer at the offices of AGT's attorneys in Sacramento, California, and make the same available to an expert or experts designated by plaintiff (and to plaintiff's attorney), who shall be allowed to inspect, examine, run, execute and test the source code on that computer.

  a. The expert and plaintiff's attorney shall not disclose to plaintiff the information gained by such inspection and review of such source code, unless the expert determines that, from his said inspection and review, there appears to be evidence that the said source code copies the source code of any computer application written by plaintiff which is a subject of this action, or otherwise appears to infringe a copyright held by plaintiff. In such case, the expert and plaintiff's attorney may disclose said information to plaintiff, but prior to doing so, the parties shall meet and confer regarding whether the above condition for disclosure to plaintiff have been meet, and plaintiff's attorney shall present to AGT's attorneys the expert's findings that plaintiff intends to present to the Court to show that the said condition has been satisfied, as well as all facts or data considered by Plaintiff's expert in forming his opinions.

  b. If the parties cannot agree that the said condition for disclosure to plaintiff has been met, plaintiff may apply to the Court for an order allowing the expert and plaintiff's attorney to make said disclosure to plaintiff. In the case of such a dispute, the parties shall promptly

1 prepare a Joint Statement Regarding the Dispute, which shall be presented to the Court for
2 hearing and decision.

3      3. AGT, and/or its attorneys or experts, may be present in the room at the offices of
4 AGT's attorneys to visually monitor the activities of plaintiff or plaintiff's expert or attorneys
5 during the above-referenced inspections, but only to ensure that no unauthorized activities take
6 place. The activities of plaintiff, or his attorneys or experts shall not be recorded by AGT
7 and/or its attorneys or experts, by any electronic means or photographic means, including but
8 not limited to film, photographing, screen capture, and/or key logging, ~~remote monitoring or~~
9 ~~screen sharing~~.

10      4. Plaintiff and his attorneys and experts shall not copy, remove, or otherwise transfer
11 any portion of the said program or source code, provided, however, that:

12      a. ~~They may take screen snapshots of portions of the program, or source code, as~~
13 ~~applicable that they believe contain evidence of copyright infringement, which may be recorded~~
14 ~~by plaintiff or his attorneys and experts (as applicable) on removable media, such as a flash~~
15 ~~drive, at the inspection computer, and a copy of the screen shots taken shall be provided to~~
16 ~~AGT~~;

17      b. They may take notes of and during their inspection and review.
18 As augmented and modified above, it is so ordered.

19
20 Dated: August 6, 2014

21 _____
     EDMUND F. BRENNAN
22      United States Magistrate Judge