GILBERT J. PREMO
Attorney at Law (Bar No. 48503)
500 Northfield Lane
San Francisco, CA  94105
Telephone:  (415) 974-6664
Facsimile:  (415) 762-5350
gilbertpremo@gmail.com

Attorney for Plaintiff and Counter-Defendant
KEITH R. CLAYTON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R CLAYTON,<br><br>               Plaintiff<br>vs.<br><br>AUTOMATED GAMING TECHNOLOGIES, INC. a Nevada corporation, et al.<br><br>               Defendants.<br>---------------------------------------------------------<br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation,<br><br>     Counter-Claimant<br><br>v.<br><br>KEITH R. CLAYTON, and DOES 1 Through 10, inclusive,<br><br>        Counter-Defendants. | Case No.  2:13-cv-00907-JAM-EFB<br><br>[~~PROPOSED~~]<br><br>ORDER GRANTING PLAINTIFF MOTION TO COMPEL DEFENDANT AUTOMATED GAMING TECHNOLOGIES, INC. TO PRODUCE DOCUMENTS PURSUANT TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>Date:  July 30, 2014<br>Time: 10:30 a.m.<br>Judge: Hon. Edmund F. Brennan<br>Courtroom  8, 13th Floor |

The motion of plaintiff and counter-defendant Keith R. Clayton ("plaintiff") for an order compelling defendant and cross-complainant Automated Gaming Technologies, Inc. ("AGT") to produce the documents requested in Plaintiff's First Request for Production of Documents to Defendant (the "Document Request") came on regularly for hearing on July 30, 2014, at 10:00 am., in the above-entitled Court.   Gilbert J. Premo appeared as counsel for plaintiff, and Katie Konz, Esq. and Christopher B. Burton, Esq. of Downey Brand LLP appeared as counsel for AGT.

Remaining at issue at the time of the hearing of the motion were Requests Nos. 5, 7, 11, 13, 14, 15, 17, 20, 23, 24, 36, 37 and 38 of the Document Request. The Court having read and considered the papers submitted by the parties, and heard the arguments of counsel, and good cause therefor appearing, plaintiff's motion is GRANTED as to all said Requests, and the Court ORDERS AS FOLLOWS:

1. AGT shall produce the stock ledger demanded in Request No. 5.

2. AGT shall produce the employment and compensation agreements of all of its officers and directors demanded in Request No. 7.

3. AGT shall produce all of its accounting ledgers and accounting journals demanded in Request No. 11, including but not limited to any in "Quickbooks" or other electronic form.

4. AGT shall produce all documents demanded in Request No. 13.

5. AGT shall produce all documents demanded in Request No. 14. This includes, without limitation, all invoices issued by AGT for such sales, and all invoices to AGT for its costs of sales.

6. AGT shall produce all documents demanded in, respectively, Requests Nos. 16, 17, 20, 23, 24. 36, 37, and 38.

Except with respect to Request No. 14 (which specifically referred to AGT's understanding of the term "Systems Division"), the production of documents under each of the foregoing Requests shall not be limited to those that AGT's deems to relate to the "Systems Division," (or "Systems Department") of AGT, but shall include all the documents demanded by the respective request.

//
//
//
//
//
//
//

To the extent that the documents heretofore produced by AGT constitute full production of all documents demanded in a particular request which is a subject of this Order, or the further production hereby ordered as to one particular Request which is a subject of this Order constitutes full production of another such Request, AGT shall so certify or declare under penalty of perjury.

AGT shall comply with this Order by **August 13, 2014**.

As modified above, it is so ordered.

Dated: August 6, 2014.

_____
EDMUND F. BRENNAN
United States Magistrate Judge