UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R. CLAYTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation, JOHN R. PRATHER, and ROBERT MAGNANTI,<br><br>　　　　Defendants.<br>―――――――――――――――――――――<br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation,<br><br>　　　　Counter-Claimant,<br><br>　　v.<br><br>KEITH R. CLAYTON, and DOES 1 through 10, inclusive,<br><br>　　　　Counter-Defendants. | No.　2:13-cv-00907-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF AND COUNTER DEFENDANT'S MOTION TO DISMISS** |

　　This matter is before the Court on Plaintiff and Counter-Defendant Keith Clayton's ("Plaintiff") Motion to Dismiss (Doc.

1

#113) Defendant and Counter-Claimant Automated Gaming Technologies, Inc.'s ("AGT") Second Amended Counterclaim (Doc. #110) ("SAC").  AGT opposes the motion (Doc. #123).  Plaintiff filed a reply (Doc. #124).  For the reasons set forth below, Plaintiff's motion is GRANTED.

I.   PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

The factual allegations underlying the parties' respective claims are well known to all litigants and will not be repeated in detail here.  In summary, Plaintiff's suit and AGT's counterclaims arise out of a series of negotiations between the parties regarding two iterations of an employment agreement, an alleged sales contract regarding software allegedly produced by Plaintiff, and the ensuing employment relationship between the parties.

AGT's original counterclaim (Doc. #34), filed on July 30, 2013, alleged four claims against Plaintiff.  The Court dismissed the first three claims (Doc. #59): breach of contract, breach of duty of loyalty, and negligence, with leave to amend.  The Court dismissed the final claim of negligent interference with economic relations with prejudice.

AGT filed the First Amended Counterclaim (Doc. #69) on January 6, 2014, alleging claims for breach of contract, fraud, and breach of fiduciary duties.  The Court dismissed the cause of action for fraud with leave to amend, dismissed the claim for breach of contract with prejudice, and denied the motion to dismiss the claim for breach of fiduciary duties (Doc. #106).

AGT filed the SAC on May 8, 2014.  It states two causes of

action against Plaintiff: (1) breach of fiduciary duties and (2) fraud.  The present motion seeks dismissal of the fraud claim.

## II.   OPINION

As the Court held in an earlier order (Doc. #59), the claims emanating from the employment relationship between the parties are governed by Nevada state law because of the Nevada choice of law provision in the Employment Agreement and the contract's substantial relationship to Nevada.  According to Nevada law, the elements of fraud are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or is insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance.  <u>Bulbman Inc. v. Nevada Bell</u>, 825 P.2d 588, 592 (Nev. 1992).

### A.   <u>No-Reliance Clause</u>

Plaintiff first argues that the "no reliance" clause found in the original Employment Agreement between the parties negates the element of justifiable reliance.

In a section entitled "Contract Terms are Exclusive," the relevant text of the Employment Agreement reads:

> The parties agree that neither of them has made any representations with respect to the subject matter of this agreement or any representations inducing the execution and deliver hereof except such representations as are specifically set forth herein.

> Each party acknowledges that each party has relied on his or its own judgment in entering into this agreement. The parties further acknowledge that any statements or representations that may have heretofore been made by either of them to the other are void and of no effect and that neither of them has relied thereon in connection with his or its dealings with the other.

SAC, Exh. A at p. 17.

According to Nevada law, "a fraudulent inducement claim fails as a matter of law where it directly contradicts the terms of an express written contract." Soffer v. Five Mile Capital Partners, LLC, 2:12-CV-1407 JCM GWF, 2013 WL 638832, at *9 (D. Nev. 2013); see also Rd. & Highway Builders, LLC v. N. Nev. Rebar, Inc., 284 P.3d 377, 378 (Nev. 2012). AGT's claim is directly contrary to the language of the integrated contract.

The cause of action for fraud relies on representations made by Plaintiff before the contract was formed, specifically alleging that those representations led AGT to enter into the agreement. The terms of the contract, however, explicitly contradict the allegations in support of this claim, in that AGT agreed that any representations made previously were "void and of no effect" and that it would not rely on them specifically "in connection with . . . its dealings with" Plaintiff. AGT therefore promised not to rely on Plaintiff's representations concerning the parties' employment relationship, yet alleges in its SAC that it did in fact rely on Plaintiff's representations. This "necessarily implies that, to the extent it did rely on [Plaintiff], [AGT's] reliance was not justifiable." Bank of the West v. Valley Nat. Bank of Arizona, 41 F.3d 471, 477-78 (9th Cir. 1994).

4

AGT argues that the existence of this clause does not preclude its fraud claim, pointing to Nevada cases that allowed a party to present evidence of fraud regardless of an integration clause. See Blanchard v. Blanchard, 108 Nev. 908, 912 (1992). Both parties make note that there is no controlling Nevada authority that specifically addresses the preclusive effect of a "no reliance" clause on a claim for fraudulent inducement. However, when claims directly contradict terms considered and explicitly addressed in a contract, the law will not allow a party to attempt to prove fraudulent inducement. See Rd. & Highway Builders, 284 P.3d at 380-81. The subject of the contract was the employment relationship between the parties. The contract exhibits a very clear agreement as to what the parties were to rely upon in entering into that relationship.

AGT's alleged reliance is particularly questionable here, given that AGT was a sophisticated party to the contract, the party extending the offer to Plaintiff (in an agreement printed on AGT letterhead), and was the party that presumably drafted the contract. See Rd. & Highway Builders, 284 P.3d at 380-81; Woods v. Google Inc., 05:11-CV-1263-JF, 2011 WL 3501403, at *8-9 (N.D. Cal. 2011); Insitu Inc. v. Kent, 388 F. App'x 745, 746 (9th Cir. 2010) (finding the plaintiff could not show reasonable reliance given the "no reliance" clause and that he was "a sophisticated businessman, was represented by counsel, had an adversarial relationship with the company, and was allowed twenty-one days to consider whether to sign the Agreement").

AGT contends that even if the no reliance clause is enforced, its claim for fraud also encompasses the

5

misrepresentations made by Plaintiff inducing AGT to enter into the alleged software sales contract.  However, AGT cannot bring an affirmative claim for fraudulent inducement of an agreement it alleges does not exist.  See SAC ¶ 51.

As AGT has not sufficiently pled justifiable reliance, a necessary element of its fraud cause of action, the Court GRANTS Plaintiff's Motion to Dismiss.  It does not appear from the numerous iterations of AGT's counterclaim that amendment would cure the defects identified above.  As such, the Motion to Dismiss is granted without leave to amend.

### B.   Remaining Arguments

Plaintiff further argues AGT's claim for fraud should be dismissed because the SAC fails to meet the relevant pleading standards and is barred by the economic loss doctrine.  Plaintiff also argues that if the Court does find the claim viable, it does not in any event state facts sufficient to support the specific demand for punitive damages.  As the Court has granted the motion based on application of the "no reliance" clause, the remaining arguments need not be addressed.

### III.   ORDER

For the reasons set forth above, the Court GRANTS WITHOUT LEAVE TO AMEND Plaintiff's Motion to Dismiss the Second Cause of Action for fraud in the Second Amended Counterclaim.

IT IS SO ORDERED.

Dated: August 11, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE