DOWNEY BRAND LLP
MATTHEW J. WEBER (Bar No. 227314)
KATIE KONZ (Bar No. 271436)
CHRISTOPHER B. BURTON (Bar No. 296582)
3425 Brookside Road, Suite A
Stockton, CA 95219-1757
Telephone:   (209) 473-6450
Facsimile:    (209) 473-6455
mweber@downeybrand.com
kkonz@downeybrand.com
cburton@downeybrand.com

Attorneys for Defendants
AUTOMATED GAMING TECHNOLOGIES, INC.,
JOHN B. PRATHER and ROBERT MAGNANTI

GILBERT J. PREMO
Attorney at Law, State Bar No. 48503
500 Northfield Lane
Lincoln, CA 95648-8321
Telephone:   (415) 974-6664
Facsimile:    (415) 762-5350
gilbertpremo@gmail.com

Attorney for Plaintiff
KEITH R. CLAYTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R. CLAYTON,<br><br>                Plaintiff,<br><br>        v.<br><br>AUTOMATED GAMING TECHNOLOGIES, INC., a Nevada corporation, JOHN R. PRATHER, and ROBERT MAGNANTI<br><br>                Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.  2:13-cv-00907-JAM-EFB<br><br>**STIPULATION AND ORDER TO MODIFY FIRST AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER**<br><br>**AS MODIFIED BY THE COURT** |

1384484.1

1

STIP. & [PROPOSED] ORDER TO MODIFY 1ST AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER

Plaintiff KEITH R. CLAYTON ("Plaintiff") and Defendants AUTOMATED GAMING TECHNOLOGIES, INC. ("AGT"), JOHN B. PRATHER ("Prather") and ROBERT MAGNANTI ("Magnanti") (collectively "Defendants") respectfully submit this Stipulation and [Proposed] Order to Modify the 1st Amended Status (Pre-Trial Scheduling) Order (Docket No. 84), entered herein on January 29, 2014.  For the reasons stated below, the parties request a short continuance of the pre-trial and trial dates.  In support of this Stipulation, the parties provide the Court with the following background demonstrating good cause for parties' request, as required by Fed. R. Civ. P. 16(b):

a) Since the time of entry of the 1st Amended Status Order, several motions to dismiss with respect to the pleadings were filed and decided.  AGT filed a Second Amended Counterclaim on May 8, 2014 and the pleadings were not finally settled until one claim of said counterclaim was dismissed on August 12, 2014, and Plaintiff filed an Answer to AGT's Second Amended Counterclaim on August 26, 2014.  Not until the pleadings were settled could the full claims of the parties be known, nor could discovery be focused on issues that would be known to remain until trial or dispositive motions.  For example, it would be premature to depose a witness on issues that may be removed by dismissal, or before all the parties' claims were known.

b) The original intermediate deadlines before the trial date, such as expert reports and the discovery cutoff, as set forth by the parties in their First Amended Joint Status Report, have in the course of experience in this case, been recognized by the parties as premature.  This is in some part due to the fact that the parties' intermediate deadlines were premised on a requested May 11, 2014 trial date, but the Court's Order set the trial date three weeks later, on June 1, 2014.  It is in other part based on recognition that the original intermediate deadlines were unnecessarily long before trial, and on the experience in this case to date.

c) Discovery issues and disputes have arisen with respect to difficult issues concerning computer programs and computer source code, each party seeking to protect claimed trade secret information that it is claimed that the other could exploit.  Issues have also arisen with respect to financial information and records.   It was necessary to proceed to a hearing before Magistrate Judge Brennan on July 30, 2014, resulting in orders entered by Judge Brennan

1  on August 6, 2014 clarifying some of these issues, and supplemental production pursuant to those
2  orders which only began on August 13, 2014.  Other issues remain.  More time is necessary to
3  resolve these issues, and proceed with discovery necessary in order to obtain information
4  necessary for expert reports and trial of this matter.

5       Plaintiff and Defendants submit the following amended status report in support of this
6  Stipulation:

7  **A.**     **NATURE OF THE CASE**

8      1.     Plaintiff's Version

9       Plaintiff is an ex-employee of AGT.  Plaintiff's Third Amended Complaint, filed
10  November 27, 2013,  alleges breach by AGT of an alleged oral agreement ("Software Sale
11  Contract"), by which AGT  agreed to pay $225,000 for a software program ("Administrative
12  Application" or "Admin App") written by Plaintiff prior to employment (and on which Plaintiff
13  owns a registered copyright), and breach of Plaintiff's written employment agreement with AGT
14  dated September 14, 2009, as amended by a Second Employment Agreement dated March 31,
15  2010.  Under the Employment Agreement dated September 14, 2009, AGT  agreed to pay
16  Plaintiff, in addition to his salary, 1.5% of the gross profit of his department, and 1% of the stock
17  of AGT for each year of employment.  Under the Second Employment Agreement dated March
18  31, 2010, AGT further agreed, in addition to the foregoing, to pay Plaintiff 10% to 15%
19  (depending on the number of sales) of the gross profit of each software sale of software
20  developed by Plaintiff during his employment. (All such percentage payments agreed to be made
21  are hereinafter referred to as "royalties").  Plaintiff alleges that AGT paid not more than $3,500
22  on the Admin App, and did not pay him any of the promised royalties or stock, as well as, for the
23  last four months of his employment, not paying his salary.  In reliance upon the Software Sale
24  Contract, plaintiff used the Admin App as the foundation for software applications he wrote for
25  AGT, including but not limited to a program called the CBMS.

26      By reason of AGT's almost total breach of the above contracts, plaintiff resigned from
27  employment and gave AGT notice of rescission of the Software Sales Contract on March 5, 2013,
28  and notice to cease and desist from any further use of the Admin App which plaintiff had

delivered to AGT (including use in the CBMS, which was a derivative work of the Admin App), and demanded the past due payments under the Employment Agreement, and restitution for AGT previous use of the Admin App.

Further, AGT and its controlling officer defendants did not cease and desist from use of the Admin App, but rather have infringed on plaintiff's copyright in the Admin App by continuing to market derivative works of the Admin App, wherefore plaintiff also seeks relief against all Defendants for copyright infringement.

Plaintiff seeks rescission and restitution as to the Software Sales Contract, and/or damages for its breach, and for damages for breach of the Employment Agreement, and damages for copyright infringement, and an injunction.[1]

Plaintiff denies the allegations of AGT's Second Amended Counterclaim, discussed below. Plaintiff did not withhold delivery of the CBMS, or any information to which AGT was entitled, and the Admin App software on which he registered a copyright was his own creation prior to employment, and did not benefit from any technical or proprietary information from AGT (who, in fact, when plaintiff joined AGT, had no technical staff, source code or proprietary information of its own to offer plaintiff, and only consisted of marketing personnel).

2.  Defendants' Version

Defendants' deny the allegations in Plaintiff's Third Amended Complaint. AGT is a Nevada Corporation that develops and sells software and hardware to support cash processing industries. In 2009, AGT hired Plaintiff to be an executive vice president of its Software Department, where Plaintiff agreed to provide support for the development, distribution and support of products sold by AGT. At the time of his employment, Plaintiff offered to sell AGT some application he claimed he had designed, which AGT believes is the Admin App alleged in

---

[1] Plaintiff's Third Amended Complaint further alleged that AGT and its not only failed to make any promised payments of stock or royalties for over 3-1/2 years,  or other than token payments for the Admin App, but when Plaintiff sued for relief, AGT and its controlling officers, defendants Prather and Magnanti, falsely denied making the promises that they did make in those contracts, thus evidencing that they made those promises without intention of performing them, and were guilty of fraud. The Court, however, . dismissed this claim for promissory fraud with prejudice on April 3, 2014, based on the  "economic loss rule,"

Plaintiff's complaint.  Although the parties had discussions regarding the purchase and sale of this alleged application, the parties never reached nor executed an agreement for such a purchase.  In addition, contrary to Plaintiff's allegations, AGT never executed an amended employment agreement with Plaintiff in 2010.  Defendants also deny any allegations of fraud and copyright infringement.

AGT alleges in its Second Amended Counterclaim that Plaintiff breached his fiduciary duties as an officer[2] by, among other things, refusing to provide AGT with a "security code" for a CBMS software program Plaintiff wrote for AGT, and by initially refusing to turn over the CBMS to AGT in order to demand payment regarding the disputed software sale contract and "additional and excessive compensation."  It further alleged that Plaintiff misappropriated proprietary information obtained from AGT and used it improperly in the software for which he sought a copyright.  AGT alleges that it sustained damages as a result of Plaintiff's breaches of his fiduciary duties.

**B.     ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS**

   1.     Plaintiff's Anticipated Motions

Plaintiff has a pending motion claiming that AGT's has not complied with an Order of Judge Brennan of August 6, 2014 compelling production of documents.  Plaintiff anticipates that further such motions may be necessary.  AGT's Counterclaim seeks the alleged costs of writing a program to replace the CBMS, which alleged replacement program AGT calls "Horizon", but AGT has not allowed full inspection, as ordered by the Court, of the alleged replacement program and  its source code, and other documents appear not to have been produced. Plaintiff also anticipates filing a motion to stay or abate AGT's Second Amended Counterclaim on the grounds that AGT is doing intrastate business in California,, and is required to qualify to do business in California, but has not so qualified, and therefore is barred from maintaining its Counterclaim under California Corporations Code §2203

Plaintiff later anticipates filing a motion for summary judgment,  or in the alternative, or

---

[2] AGT takes the position that Plaintiff was a former officer of it only as a result of the Court's ruling, issued on November 27, 2013.  (Docket No. 59.)

partial summary judgment after sufficient discovery and depositions, and prior to the deadline for filing dispositive motions.

### 2. Defendants' Anticipated Motions

Defendants anticipate filing motions to compel with respect to their discovery, both outstanding and future discovery, as appropriate. Defendants have requested all copies of Plaintiff's Administrative Application and its source code, as existed during various times. Because Plaintiff has indicated his refusal to make a complete production all such information, a motion to compel may be necessary if the parties cannot resolve these issues through the meet and confer process. Defendants also anticipate filing a Motion for Summary Judgment or, in the alternative, a Motion for Partial Summary Judgment. Defendants anticipate that any Motions for Summary Judgment and/or Partial Summary Judgment will be filed after some discovery has been conducted, and prior to the deadline for filing dispositive motions as set by this Court.

## C. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY

### 1. Anticipated Discovery

#### By Plaintiff

In addition to serving three Document Requests on AGT, as to which plaintiff is still awaiting full production, a set of Request for Admission on AGT, plaintiff has served numerous Custodian of Records subpoenas on customers of AGT to discover sales for which plaintiff is entitled to royalties under the Employment Agreement, or to damages for copyright infringement, as well as investigation AGT's claims that the CBMS did not function properly, and that it was replaced by the allegedly "rebuilt" software, "Horizon," Plaintiff plans additional written discovery.

Plaintiff anticipates deposing at least four employees of AGT - Prather, Magnanti, David Weiss and Tim Savage, and certain ex-employees of AGT. There is also the question of whether the "Horizon" software copies plaintiff's Admin App, and whether the alleged costs of writing the Horizon software claimed by AGT were incurred for that application, as opposed to other work for AGT. Thus, it may be necessary to depose the third party contractors that AGT claims it paid to write the "Horizon" software. Also, because AGT has claimed that the CBMS did not work

1   properly, and that customers complained about the CBMS, and that the alleged malfunctions in
2   the CBMS caused AGT to lose customers, it may be necessary to depose several customers of
3   AGT.[3]

4   For these reason, plaintiff requests that the number of permitted oral depositions be
5   increased to fifteen (15).

6   Defendants' Discovery.

7   AGT has served two Document Requests on Plaintiff, for which it is still waiting for full
8   and complete responses and production, and Defendants anticipate serving further written
9   discovery including, but not limited to, written interrogatories and requests for admissions.
10  Defendants have also requested (and are awaiting) production and inspection of Plaintiff's source
11  code to his Administrative Application that existed at various times, including before, during, and
12  after his employment with AGT. Defendants further anticipate taking Plaintiff's deposition and
13  subpoenaing documents and testimony from third parties, if necessary.

14  AGT disputes Plaintiff's need to conduct more than the permitted number of depositions.
15  Additional depositions are not necessary for Plaintiff's claims nor are they necessary for AGT's
16  breach of fiduciary duty counterclaim. Further, Plaintiff has not demonstrated such need and the
17  issue is premature, especially when neither side has conducted any depositions. If additional
18  depositions are in fact needed, the parties can meet and confer on the issue or request permission
19  from the Court at that time.

20      2.    Scheduling of Discovery
21          a.    *Subjects of Non-Expert Discovery:*
22              (1)    Plaintiff's Position

23  Plaintiff anticipates continuing discovery on the formation and performance of contracts

---

[3] It is not clear that AGT's claims based on alleged malfunctioning of the CBMS software, allegedly caused by Clayton's alleged lack of his allegedly misrepresented abilities, or claims for the costs of "rebuilding" the software, survived dismissal of AGT's fraud claim,  The claim for "breach of fiduciary duty" only alleges initial delay in delivery in the CBMS, alleged failure to provide a security code, and alleged use of AGT's "proprietary" information in the Admin App as copyrighted by plaintiff. However, until  is clarified as to whether such claims based on alleged deficiencies in the CBMS survived, plaintiff must anticipate such discovery.

1384484.1                    7

in issue, including not limited to depositions of AGT's officers and employees.   Plaintiff also anticipates continuing to conduct extensive document discovery of AGT's books and records of sales, profit and financial condition,  because the contracts in issue provided for payment to plaintiff of a percentage of AGTs sales, including sales of software developed by plaintiff, and a percentage of AGT's stock.  Without such discovery,  the amount due and which became due to plaintiff from AGT's sales, and the value of AGT's stock , cannot be determined.  Such discovery is also necessary to discover  AGT' continuing sales of derivative works of plaintiff's Admin App, and accordant copyright damages.

Plaintiff also anticipates continuing discovery on the subjects raised by AGT's Second Amended Counterclaim, as indicated in the preceding section on plaintiff's anticipated discovery.

(2) Defendants' Position.

Defendants intend to continue to conduct discovery with respect to Plaintiff's contractual claims and his copyright infringement claim, and any other issues relevant to their defense of Plaintiff's claims and AGT's prosecution of its breach of fiduciary duties claim.   AGT has served two sets of request for production of documents and things on Plaintiff.  Plaintiff served incomplete and evasive responses and produced over 200,000 pages of documents in response. Defendants are in the process of meeting and conferring with Plaintiff on his deficient responses and his unduly burdensome production, which Defendants are still in the process of reviewing. Plaintiff's responses to AGT's Request for Production of Documents and Inspection, Set Two, is not yet due.  Despite requesting all copies of and source code to Plaintiff's Admin App, during various time periods, Plaintiff has not produced and indicated his refusal to make a complete production or permit inspection of all such requested information.  The production and inspection of Plaintiff's Admin App (all versions and source code before, during, and after his employment with AGT) is critical to Defendants' ability to defend against Plaintiff's claims.  As such, Defendants will continue to conduct discovery, and move to compel as necessary, on these issues.

b. *Proposed Changes to the Limitation on Discovery*

Plaintiff's position is that Defendant's Executive Vice President, John Prather, is the key witness for Defendant, had the most extensive contact with Plaintiff, and is the most involved in

running AGT's business. Seven (7) hours may not be enough to complete his deposition, and Plaintiff requests that fourteen (14) hours be allowed for his deposition.

Plaintiff also requests permission to conduct up to fifteen (15) oral depositions because of the issues raised by AGT's Counterclaim, as discussed above in the section on anticipated discovery.

Defendants dispute that an additional seven (7) hours of deposition is necessary for Mr. Prather. Defendants believe the seven (7) hours provided by the Federal Rules of Civil Procedure is sufficient. Defendants also dispute Plaintiff's need for additional depositions. Additional depositions are not necessary for Plaintiff's claims nor are they necessary for AGT's breach of fiduciary duty counterclaim. Further, Plaintiff has not demonstrated such need and the issue is premature, especially when neither side has conducted any depositions. If additional depositions are in fact needed, the parties can meet and confer on the issue or request permission from the Court at that time.

*c.   Expert Discovery*:

The parties submit that expert disclosures should take place on January 12, 2015, and rebuttal expert disclosures should take place on February 11, 2015.

**D.   STIPULATED CUT-OFF DATES**

While the parties agree that the intermediate cutoff dates should be changed, particularly for expert disclosures and the discovery cutoff, Defendants believe that, given the circumstances, some limited extension of the trial date is needed to accommodate these changes, while Plaintiff believes that the trial date could be held. The parties have compromised, and respectfully request the following cutoff dates and trial date:

| | |
|---|---|
| Expert Disclosures | January 12, 2015 |
| Rebuttal Expert Disclosures | February 11, 2015 |
| Discovery Cut-Off | April 15, 2015 |
| Law and Motion Hearing Cut-Off | May 27, 2015 |
| Final Pretrial Conference | June 12, 2015 |
| Trial | July 6, 2015 |

## **STIPULATION**

The parties, through their counsel, HEREBY STIPULATE to amend the 1st Amended Status (Pre-trial Scheduling) Order as set forth above.

DATED: September 12, 2014          DOWNEY BRAND LLP


By: */s/ Katie Konz*
MATTHEW J. WEBER
KATIE KONZ
CHRISTOPHER B. BURTON
Attorneys for Defendants
AUTOMATED GAMING TECHNOLOGIES, INC., JOHN B. PRATHER and ROBERT MAGNANTI

DATED: Sept. 12, 2014

By: */s/ Gilbert J. Premo [as authorized on 9/12/2014]*
GILBERT J. PREMO
Attorney for Plaintiff
KEITH R. CLAYTON

///

///

1384484.1

10

STIP. & [PROPOSED] ORDER TO MODIFY 1ST AMENDED STATUS (PRE-TRIAL SCHEDULING) ORDER

## **ORDER   AS MODIFIED BY THE COURT**

Based on the stipulation of the parties, and finding good cause therefore,

IT IS HEREBY ORDER that the 1st Amended Status (Pre-trial Scheduling) Order will be modified as follows:

| | |
|---|---|
| Expert Disclosures | January 12, 2015 |
| Rebuttal Expert Disclosures | February 11, 2015 |
| Discovery Cut-Off | April 15, 2015 |
| Dispositive motion filing | May 20, 2015 |
| Dispositive motion hearing | June 17, 2015 at 9:30 a.m. |
| Joint pretrial statement | July 24, 2015 |
| Final Pretrial Conference | July 31, 2015 at 11:00 a.m. |
| Trial | September 14, 2015 at 9:00 a.m. |

IT IS SO ORDERED.

DATED:  September 15, 2014

　　　　　　　　　　　　　　　　　　　　/s/ John A. Mendez_____
　　　　　　　　　　　　　　　　　　　　　　JOHN A. MENDEZ
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

///